**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ERIC THOMAS,**<br><br>**Defendant.** | **No. 17-cr-061-CRC** |

**REPORT AND RECOMMENDATION**

On October 18, 2024, the Probation Office filed a petition requesting that Judge Cooper issue a warrant and hold a hearing on violation based on the Defendant's failure to report to the probation office upon his release from custody. *See* ECF No. 37. This is a Grade C violation. *See id.* On November 14, 2024, Judge Cooper issued the warrant. *See* ECF No. 38.

On February 10, 2025, the Defendant appeared before the undersigned for a return on arrest warrant and detention hearing. The undersigned released the Defendant.

On February 12, 2025, Judge Cooper referred the final hearing on violation to the undersigned pursuant to Fed. R. Crim. P. 32.1(b)(2).[1]

Since then, the undersigned has held several reentry progress hearings. The Defendant has had mixed success. He successfully completed intensive inpatient treatment. *See* ECF No. 41.

[1] The parties are advised that, under the provisions of Local Rule 72.3(b), any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 144–45 (1985).

However, the Defendant was unable to complete the next phase of the treatment program. The Defendant was subsequently arrested for leaving the treatment facility. The Defendant admitted to his mistake and agreed to his own detention. Defendant attempted a second treatment program thereafter, with similar results. In total, the Defendant spent approximately 28 days in custody related to the pending petition.

On January 16, 2026, the undersigned held a hearing on violation. The defendant admitted to the Grade C violation. The U.S. Probation Office and the U.S. Attorney's Office recommended revocation of the Defendant's supervised release, that the court sentence him to time served, and that the Court impose no additional period of supervision. The parties based this recommendation on the fact that: Defendant's supervision was set to expire on September 29, 2026; he had mixed success on supervision; he had no new law violations; and further treatment programs were unlikely to be successful.

Based on the Defendant's admission and the parties' joint request, the Court recommends finding that the Defendant violated his conditions of release as stated in the outstanding petition, that the Defendant's supervision should be revoked, and that the Court impose a sentence of time served with no additional period of supervision.[1]

Date: September 17, 2025

ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

[1] Per the Probation Office, no hearing is needed to adopt this Report and Recommendation, as no additional supervision is ordered. Adoption of the Report and Recommendation would close this case.